HOWARD M. GARFIELD  State Bar #43369
IRENE K. YESOWITCH  State Bar #111575
LONG & LEVIT LLP
465 California Street, Suite 500
San Francisco, CA  94104
TEL: (415) 397-2222  FAX: (415) 397-6392

Attorneys for Defendants
BAY STREET CORPORATION dba RED JACK
SALOON (sued erroneously herein as Red Jack
Saloon);
NORMA PALADINI

ORIGINAL FILED

JUN 16 2008

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

**JCS**

LES JANKEY and DISABILITY RIGHTS
ENFORCEMENT, EDUCATION,
SERVICES: HELPING YOU HELP
OTHERS,

                        Plaintiffs,

        vs.

RED JACK SALOON; NORMA
PALADINI; and DOES 1-20, inclusive,

                        Defendants.

CASE NO. **CV 08 2978**

NOTICE OF REMOVAL OF ACTION;
UNDER 28 U.S.C. SEC. 1441(b) (FEDERAL
QUESTION)

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

        PLEASE TAKE NOTICE that defendants Bay Street Corporation dba Red Jack Saloon
(sued erroneously herein as "RED JACK SALOON") and Norma Paladini (collectively "Red
Jack Saloon") hereby remove to this Court the state action described below.

        1.        On April 14, 2008, an action was commenced in the Superior Court of the State of
California in and for the City and County of San Francisco, entitled <u>Les Jankey and Disability
Rights Enforcement, Education, Services: Helping You Help Others v. Red Jack Saloon; Norma
Paladini; and Does 1-20, Inclusive,</u> Defendants, as case number CGC-08-474253, a true and
correct copy of which is attached as Exhibit A.

/ / /

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

1

NOTICE OF REMOVAL OF ACTION; UNDER 28 U.S.C. Sec. 1441(b) (FEDERAL QUESTION)

2.     The first date upon which defendants Red Jack Saloon received a copy of the Complaint was May 16, 2008, when defendants Red Jack Saloon were served with a copy of the Complaint and a Summons from the State Court.  Defendants did not receive any initial pleadings, through service or otherwise, prior to receipt of the Summons and Complaint on May 16, 2008.

3.     On June 16, 2008, Defendants filed their Answer in State Court, a true and correct copy of which is attached as Exhibit B.

4.     This Notice of Removal has been filed with the Court within 30 days of receipt of Plaintiff's Summons and Complaint.  It is therefore timely filed in accordance with 28 U.S.C. section 1446.

5.     On information and belief, no other defendants have been served with the Summons and Complaint.

## JURISDICTION

6.     This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. section 1331, and is one that may be removed to this Court by defendants pursuant to the provisions of 28 U.S.C. section 1441(b), in that it arises under a federal statute, the Americans with Disabilities Act of 1990 (42 U.S.C. §§ 12101, *et seq.*).

## INTRADICTION ASSIGNMENT

7.     Pursuant to Civil L.R. 3-5(b) and Civil L.R. 3-2(c) and (d), this case should be assigned to the San Francisco Division, as all of the alleged events or omissions that give rise to the claim occurred in San Francisco.

Dated:  June 16, 2008                                    LONG & LEVIT LLP


By _Howard M. Garfield_
HOWARD M. GARFIELD
Attorneys for Defendants
BAY STREET CORPORATION dba
RED JACK SALOON  (sued
erroneously herein as Red Jack Saloon)
and NORMA PALADINI

DOCS\Z9901-500\550188.V1

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

2

# EXHIBIT A

ORIGINAL

1  THOMAS E. FRANKOVICH (State Bar No. 074414)
   THOMAS E. FRANKOVICH,
2  *A Professional Law Corporation*
   2806 Van Ness Avenue
3  San Francisco, CA 94109
   Telephone:   415/674-8600
4  Facsimile:    415/674-9900
   Attorneys for Plaintiffs
5  LES JANKEY
   and DISABILITY RIGHTS
6  ENFORCEMENT, EDUCATION,
   SERVICES: HELPING YOU
7  HELP OTHERS

ENDORSED
Superior Court of California
County of San Francisco

APR 1 4 2008

GORDON PARK-LI, Clerk
BY: CHISTINA E. BAUTISTA
Deputy Clerk

CASE MANAGEMENT CONFERENCE SET

SEP 1 2 2008 -9 AM

DEPARTMENT 212

8

9

10  SUPERIOR COURT OF THE STATE OF CALIFORNIA

11  IN AND FOR SAN FRANCISCO COUNTY

12  LES JANKEY, an individual: and     )   CASE NO.
    DISABILITY RIGHTS ENFORCEMENT,    )   **Civil Rights**     CGC - 08 - ...
13  EDUCATION, SERVICES: HELPING      )
    YOU HELP OTHERS, a California public)  COMPLAINT FOR INJUNCTIVE RELIEF
14  benefit corporation,              )   AND DAMAGES:
                                      )
15       Plaintiffs,                  )   **1st CAUSE OF ACTION:** For Denial of Access
                                      )   by a Public Accommodation in Violation of the
16  v.                                )   Americans with Disabilities Act of 1990 (42
                                      )   U.S.C. §12101, *et seq.*)
17  RED JACK SALOON; NORMA            )
    PALADINI; and DOES 1-20, inclusive,)  **2nd CAUSE OF ACTION:** For Denial of Full
18                                    )   and Equal Access in Violation of California
         Defendants.                  )   Civil Code §§54, 54.1 and 54.3
19                                    )
                                      )   **3rd CAUSE OF ACTION:** For Denial of
20                                        Accessible Sanitary Facilities in Violation of
                                          California Health & Safety Code §19955, *et seq.*
21
                                          **4th CAUSE OF ACTION:** For Denial of
22                                        Access to Full and Equal Accommodations,
                                          Advantages, Facilities, Privileges and/or
23                                        Services in Violation of California Civil Code
                                          §51, *et seq.* (The Unruh Civil Rights Act)
24

25

26                                        **DEMAND FOR JURY**

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1

ORIGINAL

1   THOMAS E. FRANKOVICH (State Bar No. 074414)
    THOMAS E. FRANKOVICH,
2   *A Professional Law Corporation*
    2806 Van Ness Avenue
3   San Francisco, CA 94109
    Telephone:    415/674-8600
4   Facsimile:    415/674-9900
    Attorneys for Plaintiffs
5   LES JANKEY
    and DISABILITY RIGHTS
6   ENFORCEMENT, EDUCATION
    SERVICES: HELPING YOU
7   HELP OTHERS

ENDORSED
Superior Court of California
County of San Francisco

APR 1 4 2008

CASE MANAGEMENT CONFERENCE SET
APR 1 4 2008

GORDON PARK-LI, Clerk
BY: CRISTINA E. BAUTISTA
Deputy Clerk

SEP 1 2 2008 - 9:00 AM

DEPARTMENT 212

8

9

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                IN AND FOR SAN FRANCISCO COUNTY

12  LES JANKEY, an individual; and          )   CASE NO.
    DISABILITY RIGHTS ENFORCEMENT,          )   Civil Rights      CGC - 08 - 474253
13  EDUCATION, SERVICES: HELPING            )
    YOU HELP OTHERS, a California public    )   COMPLAINT FOR INJUNCTIVE RELIEF
14  benefit corporation,                    )   AND DAMAGES:
                                            )
15          Plaintiffs,                     )   1ˢᵗ CAUSE OF ACTION: For Denial of Access
                                            )   by a Public Accommodation in Violation of the
16  v.                                      )   Americans with Disabilities Act of 1990 (42
                                            )   U.S.C. §12101, *et seq.*)
17  RED JACK SALOON; NORMA                  )
    PALADINI; and DOES 1-20, inclusive,     )   2ⁿᵈ CAUSE OF ACTION: For Denial of Full
18                                          )   and Equal Access in Violation of California
            Defendants.                     )   Civil Code §§54, 54.1 and 54.3
19                                          )
                                            )   3ʳᵈ CAUSE OF ACTION: For Denial of
20                                              Accessible Sanitary Facilities in Violation of
                                                California Health & Safety Code §19955, *et seq.*
21
                                                4ᵗʰ CAUSE OF ACTION: For Denial of
22                                              Access to Full and Equal Accommodations,
                                                Advantages, Facilities, Privileges and/or
23                                              Services in Violation of California Civil Code
                                                §51, *et seq.* (The Unruh Civil Rights Act)
24

25

26                                              DEMAND FOR JURY

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

                                                                                        1

# SERVICE LIST
## SUPERIOR COURT OF THE STATE OF CALIFORNIA IN <u>THE CITY & COUNTY OF SAN FRANCISCO</u>

**Les Jankey, et. al, v. Red Jack Saloon, et. al**
**Case No.**

Norma Paladini
443 22nd Ave
San Mateo, CA 94403

1   Plaintiffs LES JANKEY, an individual; and DISABILITY RIGHTS, ENFORCEMENT,

2   EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit

3   corporation (hereinafter sometimes referred to as "DREES"), complain of defendants NORMA

4   PALADINI; and DOES 1-20, inclusive, and allege as follows:

5   **INTRODUCTION:**

6       1.    This is a civil rights action for discrimination against persons with physical

7   disabilities, of which class plaintiff LES JANKEY and the membership of DREES are members,

8   for failure to remove architectural barriers structural in nature at defendants' RED JACK

9   SALOON, a place of public accommodation, thereby discriminatorily denying plaintiffs and the

10   class of other similarly situated persons with physical disabilities access to, the full and equal

11   enjoyment of, opportunity to participate in, and benefit from, the goods, facilities, services, and

12   accommodations thereof.  Plaintiffs seek injunctive relief and damages pursuant to the

13   Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*; California Civil Code §§51,

14   51.5 and 54, *et seq.*; and California Health & Safety Code §19955, *et seq.*

15       2.    Plaintiff LES JANKEY  is a person with physical disabilities who, on or about

16   October 27, 2007, October 28, 2007, February 9, 2008, February 10, 2008 and March 21, 2008,

17   was an invitee, guest, patron, customer at defendants' RED JACK SALOON, in the City of San

18   Francisco, California.  At said time and place, defendants failed to provide proper legal access to

19   the RED JACK SALOON, which is a "public accommodation" and/or a "public facility"

20   including, but not limited to entrance, path of travel to the restrooms and patio, men's restroom

21   and women's restroom.  The denial of access was in violation of both federal and California legal

22   requirements, and plaintiff LES JANKEY suffered violation of his civil rights to full and equal

23   access, and was embarrassed and humiliated.

24   **JURISDICTION AND VENUE:**

25       3.    **Jurisdiction:**  This Court has jurisdiction of this action pursuant to California

26   Civil Code §51, *et seq.* and §54, *et seq.*, California Health & Safety Code §19955 *et seq.*,

27   including §19959 and Title 24, California Building Standards Code. Further, a violation of the

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*, is a violation of Civil Code

2  §51 & 54.

3        4.    **Venue:**  Venue is proper in this court and is founded on the facts that the real

4  property which is the subject of this action is located at/near 131 Bay Street, in the City and

5  County of San Francisco, State of California, and that plaintiffs' causes of action arose in this

6  county.

7  **PARTIES:**

8        5.    Plaintiff LES JANKEY is a "physically handicapped person", a "physically

9  disabled person", and a "person with physical disabilities" (hereinafter the terms "physically

10  disabled", "physically handicapped" and "person with physical disabilities" are used

11  interchangeably, as these words have similar or identical common usage and legal meaning, but

12  the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically

13  handicapped persons" and the Unruh Civil Rights Act, §§51, 51.5, 54, 54.1 and 55, and other

14  statutory measures refer to protection of the rights of "physically disabled persons").  Plaintiff

15  LES JANKEY is a "person with physical disabilities", as defined by all applicable California and

16  United States laws.   Plaintiff has a congenital deformity of both lower extremities. Plaintiff LES

17  JANKEY requires the use of a wheelchair to travel about in public.  Consequently, plaintiff LES

18  JANKEY is a member of that portion of the public whose rights are protected by the provisions

19  of Health & Safety Code §19955, *et seq.* (entitled "Access to Public Accommodations by

20  Physically Handicapped Persons") and the protections of the Unruh Civil Rights Act, Civil Code

21  §§51and 51.5 the Disabled Persons Act, Civil Code §54, and the Americans with Disabilities

22  Act, 42 U.S.C. §12101, *et seq.*

23        6.    Plaintiff DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:

24  HELPING YOU HELP OTHERS ("DREES") is a nonprofit (501(c)(3)) organization that works

25  with persons with disabilities to empower them to be independent in American society.  DREES

26  accomplishes its goals and purposes through education on disability issues, enforcement of the

27  rights of persons with disabilities, and the provision of services to persons with disabilities, the

28  general public, public agencies and the private business sector. DREES brings this action on

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

3

1    behalf of its members, many of whom are persons with physical disabilities and whom have

2    standing in their right to bring this action.

3        7.    That members of DREES, like plaintiff LES JANKEY, will or have been guests

4    and invitees at the subject RED JACK SALOON, and that the interests of plaintiff DREES in

5    removing architectural barriers at the subject Saloon advance the purposes of DREES to assure

6    that all public accommodations, including the subject Saloon, are accessible to independent use

7    by mobility-impaired persons.

8        8.    Defendants NORMA PALADINI; and DOES 1-20, inclusive, (hereinafter

9    alternatively collectively referred to as "defendants") are the owners and operators, lessors and/or

10   lessees, or agents of the owners, lessors and/or lessees, of the public accommodation known as

11   the RED JACK SALOON, located at/near 131 Bay Street, San Francisco,  California, or of the

12   building and/or buildings which constitute said public accommodation.

13       9.    At all times relevant to this complaint, defendants NORMA PALADINI; and

14   DOES 1-20, inclusive, own and operate in joint venture the subject RED JACK SALOON as a

15   public accommodation.  This business is open to the general public and conducts business

16   therein.  The business is a "public accommodation" or "public facility" subject to the

17   requirements of California Civil Code §§51, 51.5 and 54, *et seq.*, Health and Safety code §19955,

18   *et seq.*, and the ADA, 42 U.S.C. §12101, *et seq.*

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

4

10.     At all times relevant to this complaint, defendants NORMA PALADINI; and DOES 1-20, inclusive, are jointly and severally responsible to identify and remove architectural barriers at the subject RED JACK SALOON pursuant to Code of Federal Regulations title 28, section 36.201(b), which states in pertinent part:

§ 36.201        General

(b) *Landlord and tenant responsibilities.* Both the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are public accommodations subject to the requirements of this part. As between the parties, allocation of responsibility for complying with the obligations of this part may be determined by lease or other contract.

28 CFR §36.201(b)

**PRELIMINARY FACTUAL ALLEGATIONS:**

11.     The RED JACK SALOON, is a Saloon, located at/near 131 Bay Street, San Francisco, California. The RED JACK SALOON, its entrance, path of travel to the restrooms and patio, men's restroom, women's restroom, and its other facilities are each a "place of public accommodation or facility" subject to the barrier removal requirements of the Americans with Disabilities Act. On information and belief, each such facility has, since July 1, 1970, undergone "alterations, structural repairs and additions", each of which has subjected the RED JACK SALOON and each of its facilities, its entrance, path of travel to the restrooms and patio, men's restroom and women's restroom to disability access requirements per the Americans with Disabilities Act Accessibility Guidelines (ADAAG), and Title 24 of the California Code of regulations (Title 24).

12.     At all times stated herein, plaintiff LES JANKEY was a member of DREES.

13.     At all times referred to herein and continuing to the present time, defendants, and each of them, advertised, publicized and held out the RED JACK SALOON as being handicapped accessible and handicapped usable.

14.     On or about October 27, 2007, October 28, 2007, February 9, 2008, February 10, 2008 and March 21, 2008, plaintiff LES JANKEY was an invitee and guest at the subject RED

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1   JACK SALOON, with his friend Craig Yates, for purposes of attending the Halloween party at

2   the RED JACK SALOON.

3       15.    On or about October 27, 2007, neither plaintiff LES JANKEY or plaintiff's

4   friend, Craig Yates could enter the RED JACK SALOON due to a step at the entrance.

5       16.    On or about October 28, 2007, the day the Red Sox won the World Series game,

6   plaintiff LES JANKEY and his friend, Craig Yates returned to the Saloon. This time, patrons

7   offered to lift them, but because plaintiffs' friend Craig Yates was in a power chair, they

8   declined.

9       17.    On or about December 19, 2007, plaintiff LES JANKEY wrote the owner of the

10  building and the manager of RED JACK SALOON about the access problem.  Plaintiff LES

11  JANKEY never received a response.

12      18.    On or about February 5, 2008, plaintiff LES JANKEY again, wrote the owner

13  of the building and the manager of the RED JACK SALOON, as a follow up letter.  Plaintiff

14  LES JANKEY did not receive a response.

15      19.    On or about February 9, 2008, plaintiff returned to the RED JACK SALOON.

16  Plaintiff LES JANKEY could not independently enter onto the step.  The step still posed a

17  barrier.  Plaintiff LES JANKEY needed assistance to enter.

18      20.    At said time and place, plaintiff LES JANKEY discovered that there was no path

19  of travel to the outside patio or to the restrooms.  The make shift ramp was too steep.

20      21.    The next night, on or about February 10, 2008, plaintiff LES JANKEY returned

21  to the RED JACK SALOON.  Needless to say, plaintiff LES JANKEY encountered all of the

22  same barriers as in the past three (3) visits.

23      22.    On information and belief, plaintiff LES JANKEY alleges that the men's and

24  women's restrooms are not accessible within the readily achievable standard.

25      23.    On or about, February 9 and 10, 2008, plaintiff LES JANKEY had conversations

26  with the bartender.  Wherein, plaintiff LES JANKEY suggested ramping into the RED JACK

27  SALOON.  The bartender indicated that the suggestion would be passed on to the owner.

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

6

24.     On or about March 21, 2008, plaintiff LES JANKEY returned to the RED JACK SALOON.  A step still existed at the entrance of said restaurant.

25.     At said time and place, plaintiff LES JANKEY knocked on the window with his keys and a male patron came out and helped lift the plaintiff in his wheelchair over the step.

26.     At said time and place, plaintiff LES JANKEY consumed beverage(s) and needed to use a restroom.  It was not accessible.

27.     At said time and place, plaintiff LES JANKEY asked the same male patron to assist him out of the bar.  Plaintiff LES JANKEY was dropped and jostled in his chair as his weight had a "thub" affect going off the step.

28.     At said time and place, plaintiff LES JANKEY was returning to his vehicle and a blonde woman came down the stairs from the unit above the bar.   She in substance, asked plaintiff LES JANKEY, if he was the individual writing the letters.  Plaintiff responded, "yes." She indicated that she had an aluminum ramp in her apartment and if they knew he was coming it would be provided.  Plaintiff LES JANKEY and this woman who indicated she only owned and operated the bar discussed a bell, buzzer, portable ramp and so on.  This woman said that she discussed plaintiff's request with the building owner, a Ninety-two (92) year old woman who has owned the bar since 1943, and that this building owner said she will not fix the entrance. Plaintiff LES JANKEY proceeded to have dinner with this woman.

29.     Therefore, at said time(s) and place, plaintiff LES JANKEY, a person with a disability, encountered the following inaccessible elements of the subject RED JACK SALOON which constituted architectural barriers and a denial of the proper and legally-required access to a public accommodation to persons with physical disabilities including, but not limited to:

    *a.*     lack of an accessible entrance;

    *b.*     lack of a handicapped-accessible women's public restroom;

    *c.*     lack of a handicapped-accessible men's public restroom;

    *d.*     lack of an accessible bar;

    *e.*     On personal knowledge, information and belief, other public facilities and elements too numerous to list were improperly inaccessible for use by persons with physical disabilities.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

7

30. At all times stated herein, the existence of architectural barriers at defendants' place of public accommodation evidenced "actual notice" of defendants' intent not to comply with the Americans with Disabilities Act of 1990 either then, now or in the future.

31. On or about December 19, 2007 and February 5, 2008, defendant(s) were sent four (4) letters by or on behalf of plaintiff LES JANKEY advising of the existence of architectural barriers, requesting a response within 14 days and requesting remedial measures be undertaken within 90 days or an explanation of why the time limit set could not be met and/or extenuating circumstances. Said letters are attached hereto collectively as exhibit "A" and incorporated by reference as though fully set forth herein. Defendants' failure to respond evidenced an intent not to seek or engage in an early and reasonable resolution of the matter.

32. At all times stated herein, defendants, and each of them, did not act as reasonable and prudent landlord/tenant and were "negligent per se" or at a minimum negligent for not removing architectural barriers that would foreseeably prevent plaintiff LES JANKEY from receiving the same goods and services as able bodied people and some of which may and did pose a threat of harm and/or personal injury to people with disabilities. Therefore as a legal result of defendants breach of duty to remove those barriers encountered by plaintiff, plaintiff suffered bodily injury on March 21, 2008, including, but not limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or transferring up, on, down, to, over, around and through architectural barriers. Specifically, as a legal result of defendants negligence in the design, construction and maintenance of the existing step, plaintiff LES JANKEY suffered injury to his back and buttocks while being dropped and jostled in his wheelchair which was rolled off the step.

33. As a legal result of defendants NORMA PALADINI; and DOES 1-20, inclusive's failure to act as a reasonable and prudent public accommodation in identifying, removing or creating architectural barriers, policies, practices and procedures that denied access to plaintiffs and other persons with disabilities, plaintiffs suffered the damages as alleged herein.

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

34.     As a further legal result of the actions and failure to act of defendants, and as a legal result of the failure to provide proper handicapped-accessible public facilities as set forth herein, plaintiffs were denied their civil rights to full and equal access to public facilities. Plaintiff LES JANKEY suffered a loss of his civil rights and his rights as a person with physical disabilities to full and equal access to public facilities.

35.     Further, plaintiff LES JANKEY suffered emotional distress, mental distress, mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation, embarrassment, anger, disappointment and worry, expectedly and naturally associated with a person with physical disabilities being denied access, all to his damages as prayed hereinafter in an amount within the jurisdiction of this court. No claim is being made for mental and emotional distress over and above that usually associated with the discrimination and physical injuries claimed, and no expert testimony regarding this usual mental and emotional distress will be presented at trial in support of the claim for damages.

36.     Defendants', and each of their, failure to remove the architectural barriers complained of herein created, at the time of plaintiff LES JANKEY's first visit to said public accommodation, and continues to create continuous and repeated exposure to substantially the same general harmful conditions which caused plaintiff LES JANKEY harm as stated herein.

37.     Plaintiff LES JANKEY and the membership of DREES were denied their rights to equal access to a public facility by defendants NORMA PALADINI; and DOES 1-20, inclusive, because defendants NORMA PALADINI; and DOES 1-20, inclusive, maintained a Saloon without access for persons with physical disabilities to its facilities, including but not limited to the entrance, path of travel to the restrooms and patio, men's restroom, women's restrooms and other public areas as stated herein, and continue to the date of filing this complaint to deny equal access to plaintiff and other persons with physical disabilities in these and other ways.

38.     On information and belief, construction alterations carried out by defendants have also triggered access requirements under both California law and the Americans with Disabilities Act of 1990.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

9

39.     Plaintiffs, as described hereinbelow, seek injunctive relief to require the RED JACK SALOON to be made accessible to meet the requirements of both California law and the Americans with Disabilities Act of 1990, whichever is more restrictive, so long as defendants operate the Saloon as a public facility.

40.     Plaintiffs seek damages for violation of their civil rights on October 27, 2007, October 28, 2007, February 9, 2008, February 10, 2008 and March 21, 2008 and they seek statutory damages of not less than $4,000, pursuant to Civil Code §52(a) or alternatively $1000 pursuant to Civil Code §54.3, for each day after his visit that the trier of fact (court/jury) determines was the date that some or all remedial work should have been completed under the standard that the landlord and tenant had an ongoing duty to identify and remove architectural barriers where it was readily achievable to do so, which deterred plaintiff LES JANKEY from returning to the subject public accommodation because of his knowledge and/or belief that neither some or all architectural barriers had been removed and that said premises remains inaccessible to persons with disabilities whether a wheelchair user or otherwise.

41.     On information and belief, defendants have been negligent in their affirmative duty to identify the architectural barriers complained of herein and negligent in the removal of some or all of said barriers.

42.     Because of defendants' violations, plaintiffs and other persons with physical disabilities are unable to use public facilities such as those owned and operated by defendants on a "full and equal" basis unless such facility is in compliance with the provisions of the Americans with Disabilities Act of 1990, Civil Code §54.1 and Health & Safety Code §19955, *et seq.* and other accessibility law as plead herein. Plaintiffs seek an order from this court compelling defendants to make the RED JACK SALOON accessible to persons with disabilities.

43.     On information and belief, defendants have intentionally undertaken to modify and alter existing building(s), and have failed to make them comply with accessibility requirements under the requirements of ADAAG and Title 24. The acts and omission of defendants, and each of them, in failing to provide the required accessible public facilities at

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1   the time of plaintiff's visit and injuries, indicate actual and implied malice toward plaintiffs, and

2   despicable conduct carried out by defendants, and each of them, with a willful and conscious

3   disregard for the rights and safety of plaintiffs and other similarly situated persons, and justify a

4   trebling of damages as provided by Civil Code §§52(a) and 54.3, in order to profound example of

5   defendants, and each of them, to other operators of other Saloons and other public facilities, and

6   to punish defendants and to carry out the purposes of the Civil Code §§ 51, 51.5 and 54.

7        44.    Plaintiffs are informed and believe and therefore allege that defendants NORMA

8   PALADINI; and DOES 1-20, inclusive, and each of them, caused the subject building(s) which

9   constitute the Saloon to be constructed, altered and maintained in such a manner that persons

10  with physical disabilities were denied full and equal access to, within and throughout said

11  building(s) of the RED JACK SALOON and were denied full and equal use of said public

12  facilities.  Furthermore, on information and belief, defendants have continued to maintain and

13  operate said Saloon and/or its building(s) in such conditions up to the present time, despite actual

14  and constructive notice to such defendants that the configuration of RED JACK SALOON

15  and/or its building(s) is in violation of the civil rights of persons with physical disabilities, such

16  as plaintiff LES JANKEY, the membership of plaintiff DREES and the disability community

17  which DREES serves.  Such construction, modification, ownership, operation, maintenance and

18  practices of such public facilities are in violation of Civil Code §§51, 51.5 and 54, Health and

19  Safety Code §19955, and the ADA, 42 U.S.C. §12101, *et seq.*

20       45.    On personal knowledge, information and belief, the basis of defendants' actual

21  and constructive notice that the physical configuration of the facilities including, but not limited

22  to, architectural barriers constituting the RED JACK SALOON and/or building(s) was in

23  violation of the civil rights of persons with physical disabilities, such as plaintiffs, includes, but

24  is not limited to, communications with invitees and guests, plaintiff LES JANKEY himself,

25  owners of other restaurants, hotels, motels and businesses, notices they obtained from

26  governmental agencies upon modification, improvement, or substantial repair of the subject

27  premises and other properties owned by these defendants, newspaper articles and trade

28  publications regarding the Americans with Disabilities Act of 1990 and other access laws, public

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

11

1    service announcements by former U.S. Attorney General Janet Reno between 1993 and 2000,

2    and other similar information. Defendants' failure, under state and federal law, to make the RED

3    JACK SALOON accessible is further evidence of defendants' conscious disregard for the rights

4    of plaintiff and other similarly situated persons with disabilities. Despite being informed of such

5    effect on plaintiff and other persons with physical disabilities due to the lack of accessible

6    facilities, defendants, and each of them, knowingly and willfully refused to take any steps to

7    rectify the situation and to provide full and equal access for plaintiffs and other persons with

8    physical disabilities to the Saloon. Said defendants, and each of them, have continued such

9    practices, in conscious disregard for the rights of plaintiffs and other persons with physical

10    disabilities, up to the date of filing of this complaint, and continuing thereon. Defendants had

11    further actual knowledge of the architectural barriers referred to herein by virtue of the demand

12    letter addressed to the defendants and served concurrently with the summons and complaint.

13    Said conduct, with knowledge of the effect it was and is having on plaintiffs and other persons

14    with physical disabilities, constitutes despicable conduct in conscious disregard of the rights and

15    safety of plaintiffs and of other similarly situated persons, justifying the imposition of treble

16    damages per Civil Code §§52 and 54.3.

17        46.    Plaintiff LES JANKEY and plaintiff DREES, on behalf of its membership and the

18    disability community which it serves, consisting of persons with disabilities, would, could and

19    will return to the subject public accommodation when it is made accessible to persons with

20    disabilities.

21    **I.    FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC**
            **ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH**

22        **DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)**
            (On behalf of Plaintiffs LES JANKEY and DISABILITY RIGHTS ENFORCEMENT,

23        EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public
            benefit corporation and Against Defendants NORMA PALADINI; and DOES 1-20,

24        inclusive)
            (42 U.S.C. §12101, *et seq.*)

25

26        47.    Plaintiffs replead and incorporate by reference, as if fully set forth again herein,
   the allegations contained in paragraphs 1 through 46 of this complaint.

27    ///

28

48.   Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C. §12101 regarding persons with physical disabilities, finding that laws were needed to more fully protect:

> some 43 million Americans with one or more physical or mental disabilities; [that] historically society has tended to isolate and segregate individuals with disabilities; [that] such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem; [that] the nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals; [and that] the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous.

49.   Congress stated as its purpose in passing the Americans with Disabilities Act of 1990 (42 U.S.C. §12102):

> It is the purpose of this act (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

50.   As part of the Americans with Disabilities Act of 1990, Public Law 101-336 (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq.*).  Among the public accommodations identified for purposes of this title was:

> (7)   PUBLIC ACCOMMODATION - The following private entities are considered public accommodations for purposes of this title, if the operations of such entities affect commerce -
>
> (B) a restaurant, bar or other establishment serving food or drink.

42 U.S.C. §12181(7)(B)

51.   Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities,

1  privileges, advantages, or accommodations of any place of public accommodation by any person

2  who owns, leases, or leases to, or operates a place of public accommodation".

3       52.     The specific prohibitions against discrimination set forth in §302(b)(2)(a),

4  42 U.S.C. §12182(b)(2)(a) are:

5            (I)     the imposition or application of eligibility criteria
   that screen out or tend to screen out an individual with a disability
6  or any class of individuals with disabilities from fully and equally
   enjoying any goods, services, facilities, privileges, advantages, or
7  accommodations, unless such criteria can be shown to be necessary
   for the provision of the goods, services, facilities, privileges,
8  advantages, or accommodations being offered;

9            (ii)    a failure to make reasonable modifications in
   policies, practices, or procedures, when such modifications are
10 necessary to afford such goods, services, facilities, privileges,
   advantages or accommodations to individuals with disabilities,
11 unless the entity can demonstrate that making such modifications
   would fundamentally alter the nature of such goods, services,
12 facilities, privileges, advantages, or accommodations;

13           (iii)   a failure to take such steps as may be necessary to
   ensure that no individual with a disability is excluded, denied
14 services, segregated or otherwise treated differently than other
   individuals because of the absence of auxiliary aids and services,
15 unless the entity can demonstrate that taking such steps would
   fundamentally alter the nature of the good, service, facility,
16 privilege, advantage, or accommodation being offered or would
   result in an undue burden;

17
             (iv)    a failure to remove architectural barriers, and
18 communication barriers that are structural in nature, in existing
   facilities . . . where such removal is readily achievable; and
19
             (v)     where an entity can demonstrate that the removal of
20 a barrier under clause (iv) is not readily achievable, a failure to
   make such goods, services, facilities, privileges, advantages or
21 accommodations available through alternative methods if such
   methods are readily achievable.
22
   The acts of defendants set forth herein were a violation of plaintiffs' rights under the ADA,
23
   Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, *et seq.*
24
   Effective January 31, 1993, the standards of the ADA were also incorporated into California
25
   Civil Code §51, making available the damage remedies incorporated into Civil Code §51 and
26
   52(a) and 54.3.
27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

53.     The removal of the barriers complained of by plaintiffs as hereinabove alleged was at all times after January 26, 1992 "readily achievable" as to the subject building(s) of RED JACK SALOON pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv).  On information and belief, if the removal of all the barriers complained of herein together was not "readily achievable," the removal of each individual barrier complained of herein was "readily achievable."  On information and belief, defendants' failure to remove said barriers was likewise due to discriminatory practices, procedures and eligibility criteria, as defined by 42 U.S.C. §12182 (b)(2)(A)(i)and (ii).

54.     Per 42 U.S.C. §12181 (9), the term "readily achievable" means "easily accomplishable and able to be carried out without much difficulty or expense."  The statute defines relative "expense" in part in relation to the total financial resources of the entities involved.  Plaintiffs allege that properly repairing, modifying, or altering each of the items that plaintiffs complain of herein were and are "readily achievable" by the defendants under the standards set forth under §301(9) of the Americans with Disabilities Act.  Furthermore, if it was not "readily achievable" for defendants to remove each of such barriers, defendants have failed to make the required services available through alternative methods which were readily achievable.

55.     On information and belief, construction work on, and modifications of, the subject building(s) of RED JACK SALOON occurred after the compliance date for the Americans with Disabilities Act, January 26, 1992, independently triggering access requirements under Title III of the ADA.

56.     Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et seq.*, plaintiffs are entitled to the remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiffs are being subjected to discrimination on the basis of disability in violation of this title or have reasonable grounds for believing that plaintiffs are about to be subjected to discrimination in violation of §302.  Plaintiffs are deterred from returning to or making use of the public facilities complained of herein so long as the premises and defendants' policies bar full and equal use by persons with physical disabilities.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

57.     42 U.S.C. 12188 (a)(I) states:, "Nothing in this section shall require a person with a disability to engage in a futile gesture if such person has actual notice that a person or organization covered by this title does not intend to comply with its provisions". Pursuant to this section, plaintiff LES JANKEY has not returned to defendants' premises since on or about March 21, 2008, but on information and belief, alleges that defendants have continued to violate the law and deny the rights of plaintiffs and of other persons with physical disabilities to access this public accommodation. Pursuant to 42 USC §12188(a)(2), "In cases of violations of §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title".

58.     Plaintiffs seek relief pursuant to remedies set forth in §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement the Americans with Disabilities Act of 1990, including but not limited to an order granting injunctive relief and attorneys' fees. Plaintiffs will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

II.     **SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEQ.**
(On Behalf of Plaintiffs LES JANKEY and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendants NORMA PALADINI; and DOES 1-20, inclusive)
(California Civil Code §§54, 54.1, 54.3, *et seq.*)

59.     Plaintiffs replead and incorporate by reference as if fully set forth again herein, the allegations contained in paragraphs 1 through 58 of this complaint.

///
///
///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

16

60. At all times relevant to this action, California Civil Code §54 has provided that persons with physical disabilities are not to be discriminated against because of physical handicap or disability. This section provides that:

> (a) Individuals with disabilities . . . have the same rights as the general public to full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, and other public places.

61. California Civil Code §54.1 provides that persons with disabilities shall not be denied full and equal access to places of public accommodation or facilities:

> (a)(1) Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, medical facilities, including hospitals, clinics, and physicians' offices, and privileges of all common carriers, airplanes, motor vehicles, railroad trains, motorbuses, streetcars, boats, or any other public conveyances or modes of transportation (whether private, public, franchised, licensed, contracted, or otherwise provided), telephone facilities, adoption agencies, private schools, hotels, lodging places, places of public accommodation, amusement or resort, and other places to which the general public is invited, subject only to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons.

Civil Code §54.1(a)(1)

62. California Civil Code §54.1 further provides that a violation of the Americans with Disabilities Act of 1990 constitutes a violation of section 54.1:

> (d) A violation of the right of an individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) also constitutes a violation of this section, and nothing in this section shall be construed to limit the access of any person in violation of that act.

Civil Code §54.1(d)

63. Plaintiff LES JANKEY and the membership of plaintiff DREES are persons within the meaning of Civil Code §54.1 whose rights have been infringed upon and violated by the defendants, and each of them, as prescribed by Civil Code §§54 and 54.1. Each specific architectural barrier which defendants knowingly and willfully fail and refuse to remove constitutes a separate act in violation of Civil Code §§54 and 54.1. Plaintiffs have been and continue to be denied full and equal access to defendants' RED JACK SALOON. As a legal

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

17

1  result, plaintiffs are entitled to seek damages pursuant to a court or jury determination in

2  accordance with California Civil Code §54.3(a) for each day on which they visited or have been

3  deterred from visiting the Saloon because of their knowledge and belief that the RED JACK

4  SALOON is inaccessible to persons with disabilities. California Civil Code §54.3(a) provides:

> Any person or persons, firm or corporation, who denies or
> interferes with admittance to or enjoyment of the public facilities
> as specified in Sections 54 and 54.1 or otherwise interferes with
> the rights of an individual with a disability under Sections 54, 54.1
> and 54.2 is liable for each offense for the actual damages and any
> amount as may be determined by a jury, or the court sitting without
> a jury, up to a maximum of three times the amount of actual
> damages but in no case less than . . .one thousand dollars ($1,000)
> and . . . attorney's fees as may be determined by the court in
> addition thereto, suffered by any person denied any of the rights
> provided in Sections 54, 54.1 and 54.2.

11  Civil Code §54.3(a)

12  64.  On or about October 27, 2007, October 28, 2007, February 9, 2008, February 10,

13  2008 and March 21, 2008, plaintiff LES JANKEY suffered violations of Civil Code §§54 and

14  54.1 in that plaintiff LES JANKEY was denied access to entrance, path of travel to the restrooms

15  and patio, men's restroom, women's and other public facilities as stated herein at the RED JACK

16  SALOON and on the basis that plaintiff LES JANKEY was a person with physical disabilities.

17  65.  As a result of the denial of equal access to defendants' facilities due to the acts

18  and omissions of defendants, and each of them, in owning, operating and maintaining these

19  subject public facilities, plaintiffs suffered violations of plaintiffs' civil rights, including but not

20  limited to rights under Civil Code §§54, 54.1 and 54.3, and plaintiff LES JANKEY suffered

21  physical discomfort and bodily injury on March 21, 2008, including, but not limited to, fatigue,

22  stress, strain and pain in wheeling and attempting to and/or transferring up, on, down, to, over,

23  around and through architectural barriers. Specifically, as a legal result of defendants negligence

24  in the design, construction and maintenance of the existing step, plaintiff LES JANKEY suffered

25  injury to his back and buttocks while being dropped and jostled in his wheelchair which was

26  rolled off the step.

27  66.  Further, plaintiff LES JANKEY suffered mental distress, mental suffering, mental

28  anguish, which includes shame, humiliation, embarrassment, frustration, anger, disappointment

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    and worry, all of which are expectedly and naturally associated with a denial of access to a

2    person with physical disabilities, all to plaintiff's damages as hereinafter stated. Defendants'

3    actions and omissions to act constituted discrimination against plaintiff on the sole basis that

4    plaintiffs are persons or an entity that represents persons with physical disabilities and unable,

5    because of the architectural barriers created and maintained by the defendants in violation of the

6    subject laws, to use the public facilities hereinabove described on a full and equal basis as other

7    persons.

8        67.    Plaintiffs have been damaged by defendants', and each of their, wrongful conduct

9    and seeks the relief that is afforded by Civil Code §§54 and 54.1, 54.3 and 55 for violation of

10   plaintiffs' rights as persons or an entity that represents persons with physical disabilities on or

11   about October 27, 2007, October 28, 2007, February 9, 2008 , February 10, 2008 and March 21,

12   2008, and on a continuing basis since then, including statutory damages, a trebling of all of actual

13   damages, general and special damages available pursuant to §54.3 of the Civil Code according to

14   proof.

15       68.    As a result of defendants', and each of their, acts and omissions in this regard,

16   plaintiffs have been required to incur legal expenses and hire attorneys in order to enforce

17   plaintiffs' rights and enforce the provisions of the law protecting access for persons with physical

18   disabilities and prohibiting discrimination against persons with physical disabilities. Pursuant to

19   the provisions of Civil Code §54.3 and §55, plaintiffs therefore will seek recovery in this lawsuit

20   for all reasonable attorneys' fees and costs incurred if deemed the prevailing party. Additionally,

21   plaintiffs' lawsuit is intended not only to obtain compensation for damages to plaintiffs, but also

22   to compel the defendants to make their facilities accessible to all members of the public with

23   disabilities, justifying public interest attorneys' fees, if deemed the prevailing party, pursuant to

24   the provisions of §1021.5 of the Code of Civil Procedure.

25   ///

26   ///

27   ///

28   ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

2    III.    **THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY
           FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***
3          (On Behalf of Plaintiffs LES JANKEY and DISABILITY RIGHTS ENFORCEMENT,
           EDUCATION. SERVICES: HELPING YOU HELP OTHERS. a California public
4          benefit corporation and Against Defendants NORMA PALADINI; and DOES 1-20,
           inclusive)
5          (Health & Safety Code §19955, et seq.)

6         69.    Plaintiffs replead and incorporate by reference, as if fully set forth again herein,

7    the allegations contained in paragraphs 1 through 68 of this complaint.

8         70.    Health & Safety Code §19955 provides in pertinent part:

9              The purpose of this part is to insure that public accommodations or
               facilities constructed in this state with private funds adhere to the
10             provisions of Chapter 7 (commencing with Sec. 4450) of Division
               5 of Title 1 of the Government Code.  For the purposes of this part
11             "public accommodation or facilities" means a building, structure,
               facility, complex, or improved area which is used by the general
12             public and shall include auditoriums, hospitals, theaters,
               restaurants, hotels, motels, stadiums, and convention centers.
13             When sanitary facilities are made available for the public, clients or
               employees in such accommodations or facilities, they shall be
14             made available for the handicapped.

15        71.    Health & Safety Code §19956, which appears in the same chapter as §19955,

16   provides in pertinent part, "accommodations constructed in this state shall conform to the

17   provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government

18   Code . . . ." Health & Safety Code §19956 was operative July 1, 1970, and is applicable to all

19   public accommodations constructed or altered after that date.  On information and belief,

20   portions of the RED JACK SALOON  and/or of the building(s) were constructed and/or altered

21   after July 1, 1970, and substantial portions of the Saloon and/or the building(s) had alterations,

22   structural repairs, and/or additions made to such public accommodations after July 1, 1970,

23   thereby requiring said Saloon and/or building to be subject to the requirements of Part 5.5,

24   §19955, *et seq.*, of the Health & Safety Code upon such alteration, structural repairs or additions

25   per Health & Safety Code §19959.

26        72.    Pursuant to the authority delegated by Government Code §4450, *et seq*, the State

27   Architect promulgated regulations for the enforcement of these provisions.  Effective July 1,

28   1982, Title 24 of the California Building Standards Code adopted the California State Architect's

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  Regulations and these regulations must be complied with as to any alterations and/or

2  modifications of the RED JACK SALOON and/or the building(s) occurring after that date.

3  Construction changes occurring prior to this date but after July 1, 1970 triggered access

4  requirements pursuant to the "ASA" requirements, the American Standards Association

5  Specifications, A117.1-1961. On information and belief, at the time of the construction and

6  modification of said building, all buildings and facilities covered were required to conform to

7  each of the standards and specifications described in the American Standards Association

8  Specifications and/or those contained in Title 24 of the California Building Standards Code.

9       73.     Saloons such as the RED JACK SALOON are "public accommodations or

10  facilities" within the meaning of Health & Safety Code §19955, *et seq.*

11       74.     As a result of the actions and failure to act of defendants, and as a result of the

12  failure to provide proper and legally handicapped-accessible public facilities, plaintiffs were

13  denied plaintiffs' rights to full and equal access to public facilities and suffered a loss of

14  plaintiffs' civil rights and plaintiffs' rights as persons with physical disabilities to full and equal

15  access to public facilities.

16       75.     Attorneys' Fees -- As a result of defendants' acts and omissions in this regard,

17  plaintiffs have been required to incur legal expenses and hire attorneys in order to enforce

18  plaintiffs' civil rights and enforce provisions of the law protecting access for the persons with

19  physical disabilities and prohibiting discrimination against the persons with physical disabilities,

20  and to take such action both in plaintiffs' own interests and in order to enforce an important right

21  affecting the public interest. Plaintiffs, therefore, seek in this lawsuit the recovery of all

22  reasonable attorneys' fees incurred, pursuant to the provisions of the Code of Civil Procedure

23  §1021.5. Plaintiffs additionally seek attorneys' fees pursuant to Civil Code §§54.3 and 55.

24  Plaintiffs will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

25       76.     Plaintiffs seek injunctive relief for an order compelling defendants, and each of

26  them, to make the subject place of public accommodation readily accessible to and usable by

27  persons with disabilities.

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    Wherefore, plaintiffs pray for damages and relief as hereinafter stated.

2  **IV.    FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND
        EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES
3        AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET
        SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
4    (On Behalf of Plaintiffs LES JANKEY and DISABILITY RIGHTS, ENFORCEMENT,
    EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public
5    benefit corporation, and Against Defendants NORMA PALADINI; and DOES 1-20,
    inclusive)
6    (Civil Code §51, 51.5)

7        77.    Plaintiffs replead and incorporate by reference, as if fully set forth again herein,

8    the allegations contained in paragraphs 1 through 76 of this complaint.

9        78.    Defendants' actions and omissions and failure to act as a reasonable and prudent

10   public accommodation in identifying, removing and/or creating architectural barriers, policies,

11   practices and/or procedures violates §51 of the Civil Code, the Unruh Civil Rights Act.  The

12   Unruh Act provides:

13            This section shall be known, and may be cited, as the
        Unruh Civil Rights Act.
14            All persons within the jurisdiction of this state are free and
        equal, and no matter what their sex, race, color, religion, ancestry,
15       national origin, or **disability** are entitled to the full and equal
        accommodations, advantages, facilities, privileges, or services in
16       all business establishments of every kind whatsoever.

17            This section shall not be construed to confer any right or
        privilege on a person that is conditioned or limited by law or that is
18       applicable alike to persons of every sex, color, race, religion,
        ancestry, national origin, or **disability.**
19

20            Nothing in this section shall be construed to require any
        construction, alteration, repair, structural or otherwise, or
21       modification of any sort whatsoever, beyond that construction,
        alteration, repair, or modification that is otherwise required by
22       other provisions of law, to any new or existing establishment,
        facility, building, improvement, or any other structure . . . nor shall
23       anything in this section be construed to augment, restrict, or alter in
        any way the authority of the State Architect to require construction,
24       alteration, repair, or modifications that the State Architect
        otherwise possesses pursuant to other . . . laws.

25            A violation of the right of any individual under the
        Americans with Disabilities Act of 1990 (Public Law 101-336)
26       shall also constitute a violation of this section.

27   As the Unruh Act incorporates violations of the Americans with Disabilities Act of 1990, the

28   "intent" of the defendants in not complying with barrier removal is not an issue.  Hence, the

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1   failure on the parts of defendants, as reasonable and prudent public accommodations, in acting or

2   failing to act to identify and remove barriers can be construed as a "negligent per se" act of

3   defendants, and each of them.

4        79.    The acts and omissions of defendants stated herein are discriminatory in nature

5   and in violation of Civil Code §51.5:

6            No business establishment of any kind whatsoever shall
             discriminate against, boycott or blacklist, refuse to buy from, sell
7            to, or trade with any person in this state because of the race, creed,
             religion, color, national origin, sex, or **disability** of the person or of
8            the person's partners, members, stockholders, directors, officers,
             managers, superintendents, agents, employees, business associates,
9            suppliers, or customers.

10           As used in this section, "person" includes any person, firm
             association, organization, partnership, business trust, corporation,
11           limited liability company, or company.

12           Nothing in this section shall be construed to require any
             construction, alteration, repair, structural or otherwise, or
13           modification of any sort whatsoever, beyond that construction,
             alteration, repair or modification that is otherwise required by other
14           provisions of law, to any new or existing establishment, facility,
             building, improvement, or any other structure . . . nor shall
15           anything in this section be construed to augment, restrict or alter in
             any way the authority of the State Architect to require construction,
16           alteration, repair, or modifications that the State Architect
             otherwise possesses pursuant to other laws.

17
         80.    Defendants' acts and omissions as specified have denied to plaintiffs full and
18
    equal accommodations, advantages, facilities, privileges and services in a business establishment,
19
    on the basis of physical disability, in violation of Civil Code §§51 and 51.5, the Unruh Civil
20
    Rights Act. Furthermore, pursuant to the 1992 amendment to California Civil Code §51, "A
21
    violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public
22
    Law 101-336) shall also constitute a violation of this section". Plaintiffs accordingly incorporate
23
    the entirety of their above cause of action for violation of the Americans with Disabilities Act at
24
    ¶¶47, *et seq.*, as if repled herein.
25
         81.    As a legal result of the violation of plaintiff LES JANKEY's civil rights as
26
    hereinabove described, plaintiff LES JANKEY has suffered general damages and bodily injury.
27
    Plaintiff suffered bodily injury on March 21, 2008, including, but not limited to, fatigue, stress,
28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1   strain and pain in wheeling and attempting to and/or transferring up, on, down, to, over, around

2   and through architectural barriers.  Specifically, as a legal result of defendants negligence in the

3   design, construction and maintenance of the existing step, plaintiff LES JANKEY suffered injury

4   to his back and buttocks while being dropped and jostled in his wheelchair which was rolled off

5   the step.

6          82.     Further, plaintiff LES JANKEY suffered physical injury, emotional distress (all to

7   plaintiff's damage according to proof, and incurred reasonable attorneys' fees and costs).

8   Plaintiffs LES JANKEY and DREES are entitled to the rights and remedies of §52(a) of the Civil

9   Code, including trebling of actual damages (defined by §52(h) of the Civil Code to mean "special

10  and general damages"), as well as to reasonable attorneys' fees and costs, as is allowed by

11  statute, according to proof if deemed to be the prevailing party.

12  ///

13  ///

14  ///

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

24

1    PRAYER:

2         Plaintiffs pray that this court award damages and provide relief as follows:

3    I.   PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A
          PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH
4         DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, *et seq.*)
          (On Behalf of Plaintiffs LES JANKEY and DISABILITY RIGHTS, ENFORCEMENT,
5         EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public
          benefit corporation, and Against Defendants NORMA PALADINI; and DOES 1-20,
6         inclusive)
          (42 U.S.C. §12101, *et seq.*)
7
          1.    For injunctive relief, compelling defendants NORMA PALADINI; and DOES 1-
8
     20, inclusive, to make the RED JACK SALOON, located at 131 Bay Street, San Francisco,
9
     California, readily accessible to and usable by individuals with disabilities, per 42 U.S.C §12181,
10
     *et seq.*, and to make reasonable modifications in policies, practice, eligibility criteria and
11
     procedures so as to afford full access to the goods, services, facilities, privileges, advantages and
12
     accommodations being offered.
13
          2.    For attorneys' fees, litigation expenses and costs of suit, if plaintiffs are deemed
14
     the prevailing party; and
15
          3.    For such other and further relief as the court may deem proper.
16
     II.  PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND
17        EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1
          AND 54.3, *ET SEQ.*
18        (On Behalf of Plaintiffs LES JANKEY and DISABILITY RIGHTS ENFORCEMENT,
          EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public
19        benefit corporation, and Against Defendants NORMA PALADINI; and DOES 1-20,
          inclusive)
20        (California Civil Code §§54, 54.1, 54.3, *et seq.*)

21        1.    For injunctive relief, compelling  defendants NORMA PALADINI;  and DOES 1-

22   20, inclusive, to make the RED JACK SALOON, located at 131 Bay Street, San Francisco,

23   California, readily accessible to and usable by individuals with disabilities, per state law.

24        2.    Statutory damages as afforded by Civil Code §54.3 for the date of incident and for

25   each occasion on which plaintiffs were deterred from returning to the subject public

26   accommodation.

27        3.    Attorneys' fees pursuant to Civil Code §54.3 and §55 and Code of Civil

28   Procedure §1021.5, if plaintiffs are deemed the prevailing party;

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

4.     Treble damages pursuant to Civil Code §54.3;

5.     For all costs of suit;

6.     Prejudgment interest pursuant to Civil Code §3291;

7.     Such other and further relief as the court may deem just and proper.

**III.   PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, *ET SEQ.***
(On Behalf of Plaintiff LES JANKEY, and Against Defendants NORMA PALADINI; and DOES 1-20, inclusive)
(California Civil Code §§54, 54.1, 54.3, *et seq.*)

1.     General and compensatory damages according to proof.

**IV.   PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***
(On Behalf of Plaintiffs LES JANKEY and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendants NORMA PALADINI; and DOES 1-20, inclusive)
(Health & Safety code §19955, *et seq.*)

1.     For injunctive relief, compelling defendants NORMA PALADINI; and DOES 1-20, inclusive, to make the RED JACK SALOON, located at 131 Bay Street, San Francisco, California, readily accessible to and usable by individuals with disabilities, per state law.

2.     For attorneys' fees pursuant to Code of Civil Procedure §1021.5, and/or Civil Code §55, if plaintiffs are deemed the prevailing party;

3.     For all costs of suit;

4.     For prejudgment interest pursuant to Civil Code §3291;

5.     Such other and further relief as the court may deem just and proper.

///
///
///
///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

V.  **PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiffs LES JANKEY and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation and Against Defendants NORMA PALADINI; and DOES 1-20, inclusive)
(California Civil Code §§51, 51.5, *et seq.*)

1.    All statutory damages as afforded by Civil Code §52(a) for the date of incident and for each occasion on which plaintiffs were deterred from returning to the subject public accommodation;

2.    Attorneys' fees pursuant to Civil Code §52(a), if plaintiffs are deemed the prevailing party;

3.    Treble damages pursuant to Civil Code §52(a);

4.    For all costs of suit;

5.    Prejudgment interest pursuant to Civil Code §3291; and

6.    Such other and further relief as the court may deem just and proper.

///
///
///
///
///
///
///
///
///
///
///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

27

**VI.   PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiff LES JANKEY, and Against Defendants NORMA PALADINI; and DOES 1-20, inclusive)
(California Civil Code §§51, 51.5, *et seq.*)

1.      General and compensatory damages to plaintiff LES JANKEY according to proof.

Dated: _3/26/08_ , 2008        THOMAS E. FRANKOVICH
                               *A PROFESSIONAL LAW CORPORATION*

                               By: _____
                                    THOMAS E. FRANKOVICH
                               Attorneys for Plaintiffs LES JANKEY and DISABILITY
                               RIGHTS ENFORCEMENT, EDUCATION, SERVICES:
                               HELPING YOU HELP OTHERS, a California public
                               benefit corporation


### DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury for all claims for which a jury is permitted.

Dated: _3/26/08_ , 2008        THOMAS E. FRANKOVICH
                               *A PROFESSIONAL LAW CORPORATION*

                               By: _____
                                    THOMAS E. FRANKOVICH
                               Attorneys for Plaintiffs LES JANKEY and
                               DISABILITY RIGHTS, ENFORCEMENT, EDUCATION
                               SERVICES: HELPING YOU HELP OTHERS, a California
                               public benefit corporation

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

28

EXHIBIT A

Les Jankey
6662 W. 86th Place
Los Angeles, CA 90045-3750

December 19, 2007

Manager
Red Jack Salon
131 Bay St.
San Francisco, CA 94133

Dear Manager of Red Jack Salon:

Back on Halloween of this year, my friend Craig Yates and I tried to get into Red Jack Salon. Couldn't get in. We came back the next night, the night the Red Sox won. We couldn't get in without being picked up in our wheelchairs. So, we both stayed outside on the sidewalk. I appreciated being comp'd on the drinks but Craig couldn't get in. He was in the heavy power chair. Anyway, I think you could ramp into the bar. Many places in San Francisco have done this. I come to San Francisco quite a bit and I'd like to be able to get into Red Jack with Craig.

I would really appreciate it if you would give me written assurance within the next two weeks that you will take care of these problems within the next three months. I'd like a written agreement. If you cannot do this would you forward my letter to whomever is in charge. I'd like to come back to Red Jack Salon once it's accessible to me. I may still come back before you do the work just because I like the place. If there is some problem doing this please let me know. Would you please reply to my letter by FedEx to make sure I get your response?

I found out who might be able to help you. If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center in Oakland at 1-800-949-4232, or the federal government at 1-800-514-0301. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you. You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can get information on this from the two places I mentioned above. You should talk to your accountant about it. Maybe your account already has this information or knows about it.

Thank you for considering my request.

Thank You,

Les Jankey

Les Jankey
6662 W. 86th Place
Los Angeles, CA 90045-3750

December 19, 2007

Owner of Building
Red Jack Salon
131 Bay St.
San Francisco, CA 94133

Dear Owner of Building for Red Jack Salon:

Back on Halloween of this year, my friend Craig Yates and I tried to get into Red Jack Salon. Couldn't get in. We came back the next night, the night the Red Sox won. We couldn't get in without being picked up in our wheelchairs. So, we both stayed outside on the sidewalk. I appreciated being comp'd on the drinks but Craig couldn't get in. He was in the heavy power chair. Anyway, I think you could ramp into the bar. Many places in San Francisco have done this. I come to San Francisco quite a bit and I'd like to be able to get into Red Jack with Craig.

I would really appreciate it if you would give me written assurance within the next two weeks that you will take care of these problems within the next three months. I'd like a written agreement. If you cannot do this would you forward my letter to whomever is in charge. I'd like to come back to Red Jack Salon once it's accessible to me. I may still come back before you do the work just because I like the place. If there is some problem doing this please let me know. Would you please reply to my letter by FedEx to make sure I get your response?

I found out who might be able to help you. If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center in Oakland at 1-800-949-4232, or the federal government at 1-800-514-0301. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you.   You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can get information on this from the two places I mentioned above. You should talk to your accountant about it. Maybe your account already has this information or knows about it.

Thank you for considering my request.

Thank You,

Les Jankey

Les Jankey
6662 W. 86th Place
Los Angeles, CA 90045-3750

February 5, 2008

Manager
Red Jack Saloon
131 Bay St.
San Francisco, CA 94133

Dear Manager of Red Jack Saloon:

     I was staying a couple of days at the Hyatt on Fisherman's Wharf and decided to come to Red's. I was there back in October/November of last year and couldn't get in because of the step. People offered to help and I got my drinks comp. But the problem is still getting in and the restroom. I wrote you a while back and hoped you'd get the info you need and work on the place. Maybe you are, maybe you are not. What's up? Could I hear from you sooner than later?

Thank You,

*Les Janky*

Les Jankey

Les Jankey
6662 W. 86th Place
Los Angeles, CA 90045-3750

February 5, 2008

Owner of Building
Red Jack Saloon
131 Bay St.
San Francisco, CA 94133

Dear Owner of Building for Red Jack Saloon:

    I was staying a couple of days at the Hyatt on Fisherman's Wharf and decided to come to Red's. I was there back in October/November of last year and couldn't get in because of the step. People offered to help and I got my drinks comp. But the problem is still getting in and the restroom. I wrote you a while back and hoped you'd get the info you need and work on the place. Maybe you are, maybe you are not. What's up? Could I hear from you sooner than later?

Thank You,

*Les Jankey*

Les Jankey

# EXHIBIT B

IRENE K. YESOWITCH  State Bar #111575
JOHN S. HONG  State Bar #255150
LONG & LEVIT LLP
465 California Street, Suite 500
San Francisco, CA  94104
TEL: (415) 397-2222   FAX: (415) 397-6392

Attorneys for Defendants
BAY STREET CORPORATION dba RED JACK
SALOON (sued erroneously herein as Red Jack
Saloon);
NORMA PALADINI

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE CITY AND COUNTY OF SAN FRANCISCO

| | |
|---|---|
| LES JANKEY and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS,<br><br>                Plaintiffs,<br><br>vs.<br><br>RED JACK SALOON; NORMA PALADINI; and DOES 1-20, inclusive,<br><br>                Defendants. | CASE No. CGC-08-474253<br><br>**ANSWER TO UNVERIFIED COMPLAINT**<br><br>Action Filed:      April 14, 2008 |

Defendants BAY STREET CORPORATION dba RED JACK SALOON (sued erroneously herein as Red Jack Saloon) and Norma Paladini (collectively "RED JACK SALOON"), in answer to the unverified complaint of Plaintiffs LES JANKEY ("JANKEY") and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS ("DREES") (collectively "Plaintiffs") on file herein (the "Complaint"), allege, respond and aver as follows:

## GENERAL DENIAL

1.     Pursuant to the provisions of California Code of Civil Procedure § 431.30(d), Defendants deny each and every purported cause of action in the Complaint, and further deny that

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

1

ANSWER TO UNVERIFIED COMPLAINT

the Complaint and each and every purported cause of action therein state facts sufficient to constitute a cause of action against the answering Defendants.

2. Defendants further deny that PLAINTIFFS have sustained or will sustain any injury, damage, or loss in the sum or sums alleged, or in any sum at all, by reason of any act, omission, breach on the part of the answering defendants or their agents. Defendants further deny that Plaintiffs have sustained injury, damage, or loss, if any, by reason of any act, or omission to act, on the part of these answering defendants.

## FIRST AFFIRMATIVE DEFENSE

1. With "unclean hands" and such actions are directly related to the claims by Plaintiffs in the Complaint and preclude Plaintiffs from pursuing the claims in the Complaint. Therefore, Plaintiffs are barred from seeking relief by the Doctrine of Unclean Hands.

## SECOND AFFIRMATIVE DEFENSE

2. To the extent the Plaintiffs sustained any injury or damage as alleged in the Complaint, which is denied, said injury or damage was directly and proximately caused or contributed to by the actions of Plaintiffs, or others, whose fault may attributable to each respectively, and accordingly, and recovery against Defendants must be reduced proportionately or abated entirely pursuant to law.

## THIRD AFFIRMATIVE DEFENSE

3. The Complaint, and each purported cause of action, is barred by reason of Defendants' compliance with federal, state and local laws, rules, regulations and guidelines with respect to ownership and operation of the subject premises.

## FOURTH AFFIRMATIVE DEFENSE

4. Defendants allege that due to the age, construction, architectural and structural features of the subject premises, removal of the barriers alleged in the Complaint is not readily achievable pursuant to the definition of 42 U.S.C. § 12181, nor able to be carried out without much difficulty or expense.

/ / /

/ / /

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

2

**FIFTH AFFIRMATIVE DEFENSE**

5.      Defendants allege that any conduct complained of by Plaintiffs was not based on anyone's disability.

**SIXTH AFFIRMATIVE DEFENSE**

6.      Defendants allege that the Complaint and each and every cause of action and/or claim alleged therein is barred by the Doctrines of Waiver and Estoppel.

**SEVENTH AFFIRMATIVE DEFENSE**

7.      The subject facility has not undergone new construction or alteration since the enactment of the ADA and therefore is not subject to the ADA's standards for newly constructed facilities.

**EIGHTH AFFIRMATIVE DEFENSE**

8.      Defendants have removed all structural barriers in the subject premises where such removal was readily achievable.

**NINTH AFFIRMATIVE DEFENSE**

9.      The subject premises has not undergone new construction or alteration since enactment of Health & Safety Code § 19955, et seq.  Any structural repairs made since the enactment have been in compliance with Health & Safety Code § 19955, et seq.  None of the structural repairs affected the areas at issue in Plaintiffs' Complaint.

**TENTH AFFIRMATIVE DEFENSE**

10.      The equities in this case weigh against the relief Plaintiffs seek, as Plaintiffs' have "unclean hands."  Plaintiffs bring serial "copycat" actions for minor alleged violations.  As a result of Plaintiffs' and Plaintiff's counsel's past litigation tactics, Plaintiffs' counsel is subject to a pre-filing order in the Central District of California.

**ELEVENTH AFFIRMATIVE DEFENSE**

11.      The Complaint and each cause of action set forth therein is barred in whole or in part because Plaintiffs suffered no damages as a consequence of any of the alleged acts or omissions of Defendants.

/ / /

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

3

ANSWER TO UNVERIFIED COMPLAINT

1    **TWELFTH AFFIRMATIVE DEFENSE**

2        12.    The Complaint and each cause of action set forth therein is barred by the

3    applicable statute of limitations including, but expressly not limited to, California Code of Civil

4    Procedure sections 335.1, 338, 340 and 340(3).

5    **THIRTEENTH AFFIRMATIVE DEFENSE**

6        13.    Defendants hereby give notice that they intend to rely upon any additional

7    affirmative defenses which become available or apparent during discovery, and thus reserve the

8    right to amend their answer to assert such additional defenses.

9    **PRAYER**

10       WHEREFORE, Defendants pray that Plaintiffs' Complaint be dismissed with prejudice

11   and that Defendants be awarded its attorneys' fees and costs and such other relief as this Court

12   deems equitable and just.

13   Dated: June 16, 2008              LONG & LEVIT LLP

14

15                          By

16                          IRENE K. YESOWITCH

17                          Attorneys for Defendants
     BAY STREET CORPORATION dba
     RED JACK SALOON  (sued

18                          erroneously herein as Red Jack Saloon)
     and NORMA PALADINI

19   DOCS\Z9901-500\550179.V1

20

21

22

23

24

25

26

27

28

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

4

## PROOF OF SERVICE

I am employed in the City and County of San Francisco, California.  I am over the age of 18 years and not a party to the within action.  My business address is Long & Levit LLP, 465 California Street, Suite 500, San Francisco, CA  94104.

On June 16, 2008, I served the documents named below on the following attorney(s) of record and/or interested parties in the case of *Les Jankey, et al. v. Red Jack Saloon, et al.*, Superior Court of California, County of San Francisco, Case No. CGC-08-474253.

### ANSWER TO UNVERIFIED COMPLAINT

SERVED UPON:

Thomas E. Frankvich, Esq.
Thomas E. Frankovich
A Professional Law Corporation
2806 Van Ness Avenue
San Francisco, CA  94109
Tel: (415) 674-8600
Fax: (415) 674-9900
*Attorneys for Plaintiffs:*
*Les Jankey, an individual; and Disability*
*Rights Enforcement, Education, Services:*
*Helping You Help Others*

☒    (BY MAIL) I am readily familiar with Long & Levit LLP's practice for collection and processing of documents for mailing with the United States Postal Service.  I caused such document(s) to be placed in a sealed envelope, addressed to the person(s) on whom it is to be delivered pursuant to the attached service list, with postage thereon fully prepaid, to be deposited with the United States mail at San Francisco, California, that same day in the ordinary course of business.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on June 16, 2008, at San Francisco, California.

Erika Calderon

DOCS\Z9901-500\550182.V1

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

1

PROOF OF SERVICE